UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELO VELEZ, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:19-cv-02313-TWP-DML |
| STANLEY KNIGHT, et al. | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,
and Directing Filing of Amended Complaint**

### I. Granting *In Forma Pauperis* Status

The plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that the plaintiff is assessed an initial partial filing fee of Seventeen Dollars and Seventeen Cents ($17.17). *See* 28 U.S.C. § 1915(b)(1). The plaintiff shall have **through July 15, 2019,** in which to pay this sum to the clerk of the district court.

The plaintiff's motion contains the names of minor children who, under Rule 5.2(a) of the Federal Rules of Civil Procedure, should have been identified by their initials. The clerk **is directed** to place this motion, dkt. 2, under seal.

### II. Screening of the Complaint

#### A. Screening Standard

The plaintiff is currently incarcerated at Plainfield Correctional Facility ("PCF"). Dkt. 1. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. Plaintiff's Complaint

Mr. Velez brings this action under 28 U.S.C. § 1983, and he names two defendants: Stanley Knight, the warden of PCF, and PCF. He alleges that, during a physical altercation on September 24, 2018, he was stabbed in his left ear and the back of his head. He was taken to the hospital and received stitches in his ear and staples in his head. He states that he was stabbed in the presence of Correctional Officer King and that PCF failed to protect him and keep him safe.

### C. Analysis

Mr. Velez's complaint must be dismissed for the following reasons. First, any claim against PCF is **dismissed** for failure to state a claim upon which relief can be granted. PCF is a building, not a suable entity under § 1983. *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018), *cert. denied*, 139 S. Ct. 107 (2018); *Looney v. Miami Corr. Facility*, No. 3:18-cv-18-PPS/MGG, 2018 WL 1992197, *2 (N.D. Ind. Apr. 27, 2018) (dismissing Miami Correctional Facility).

Second, any claim against Mr. Knight must be **dismissed** because Mr. Velez has failed to state a claim upon which relief can be granted. There are no allegations of personal wrongdoing against Mr. Knight in the complaint. A defendant can be liable only for the actions or omissions

in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Because vicarious liability does not apply to claims under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locks v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015).

Even if there were factual allegations against Mr. Knight or Correctional Officer King was named in the caption, Mr. Velez has failed to state a claim for failure to protect. Jail officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1970); *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). To adequately plead a failure-to-protect claim, a prisoner must allege that officials were subjectively aware of and disregarded an objectively serious risk of harm to the prisoner. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Mr. Velez has not alleged facts to show that Mr. Knight or Correctional Officer King had knowledge of a preventable impending harm or that either consciously refused to prevent the harm.

Because the Court cannot identify a viable claim for relief against any defendant, the complaint is subject to dismissal.

### III. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through July 15, 2019,** to file an amended complaint. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. Any amended complaint should have the proper case number, 1:19-cv-02313-TWP-DML, and the words "Amended Complaint" on the first page. It will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture.").

If Mr. Velez files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 6/13/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANGELO VELEZ, JR.
220728
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168