UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELO VELEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02313-TWP-DML |
| | ) | |
| STANLEY KNIGHT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING AMENDED COMPLAINT
AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Angelo Velez, Jr., is an inmate at Wabash Valley Correctional Facility. Because Mr. Velez is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

Mr. Velez asserts claims for damages and injunctive relief against Correctional Officer King and Warden Stanley Knight based on an incident that occurred while he was imprisoned at Plainfield Correctional Facility on September 24, 2018. According to the amended complaint, Officer King saw inmates engaged in a verbal altercation but failed to intervene or call for help, even after one of the inmates took out a sharp object. As a result, Mr. Velez was stabbed in the ear and the back of his head.

## III. Analysis

This action shall **proceed** with an Eighth Amendment claim against Officer King pursuant to 42 U.S.C. § 1983. All claims against Warden Knight are **dismissed** for **failure to state a claim** upon which relief may be granted. The **clerk is directed** to update the docket to reflect that Correctional Officer King is the only defendant in the action.

Individual liability for money damages under 42 U.S.C. § 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). The Eighth Amendment "requires that prison officials 'take reasonable measures to guarantee the safety of the inmates,'" and this includes a duty "to 'protect prisoners from violence at the hands of other prisoners.'" *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer v. Brennan*, 522 U.S. 825, 832–833 (1994). However, "[a] prison official is liable for failing to protect an inmate from another prisoner only if the official 'knows of and disregards an excessive risk to inmate health or safety[.]'" *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015) (quoting *Farmer*, 511 U.S. at 837). "In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he

complained to prison officials about a specific threat to his safety." *Id.* (internal quotations omitted).

The complaint asserts only two allegations against Warden Knight. First, Mr. Velez alleges that Warden Knight "failed to guarantee that his staff, or jail officials fulfill their duties to protect inmates from violent assaults by other inmates." Dkt. 5 at 5. But Warden Knight was not constitutionally obligated to *guarantee* that the prison staff protected Mr. Velez. Rather, he was obligated to take reasonable measures to protect Mr. Velez from known threats of impending harm. No allegations in the complaint indicate that Warden Knight had any reason to know of a specific threat to Mr. Velez's safety until after he was stabbed.

Second, the complaint alleges that Mr. Velez attempted to arrange an interview with Warden Knight after the incident so they could discuss it. *See id.* at 4. But Warden Knight's failure to respond to that request does not amount to a constitutional violation. *E.g.*, *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (dismissing the "contention that any public employee who knows (or should know) about a wrong must do something to fix it"); *George v. Smith*, 507 F.3d 605, 609–610 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

These are all the claims the Court has identified in the amended complaint. If Mr. Velez believes he asserted additional claims, she hall have **through November 21, 2019**, to notify the Court.

3

## IV. Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendant, Correctional Officer King, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the amended complaint (dkt. 5), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 10/21/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANGELO VELEZ, JR.
220728
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Correctional Officer King
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168